**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CONAIR LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 26-4521 |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| FAROUK SYSTEMS, INC. | ) | |
| d/b/a CHI, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Conair LLC ("Conair" or "Plaintiff"), for its Complaint for patent infringement against Farouk Systems, Inc. ("FAROUK," "CHI," or "Defendant") states as follows:

**SUMMARY OF THE PATENT INFRINGEMENT CLAIMS**

1.     This is a patent infringement lawsuit pertaining to a "Hair Styling Aid" disclosed in United States Patent Nos. 10,238,196 issued on March 26, 2019 ("the '196 Patent") and 11,350,719 issued on June 7, 2022 ("the '719 Patent") (collectively the "Hair Curling Patents") (attached as Exhibits A and B).

2.     The technology involved in this case relates to "a hair styling aid and particularly, but not exclusively, to a home use device for imparting curls to a length of hair." (Ex. A, '719 Patent, col. 1: 24-26).

3.     Before the inventions disclosed in the Hair Curling Patents, the clamping and twisting required during styling often caused damage to the hair, especially if heat was applied for extended periods. Curling irons also styled only small sections of hair at a time, requiring repeated use to curl an entire head of hair, which could be time-consuming.

1

4.      The Hair Curling Patents provide a hair styling aid which simplifies the styling process for the user, while also being less damaging to the hair being styled.

5.      This claim for patent infringement against FAROUK involves the unauthorized infringement of the Hair Curling Patents. FAROUK is manufacturing, importing, selling, and/or offering to sell Spin N Curl products that infringe upon the Hair Curling Patents.

6.      FAROUK sells the CHI Spin N Curl products, including at least products sold under the names CHI Spin N Curl, CHI Volcanic Lava, CHI Air, and CHI X Barbie Dreamhouse ("the Spin N Curl products"). Discovery may reveal additional infringing products.





2

7.      The Spin N Curl products are covered by at least one claim of each of the Hair Curling Patents, as shown by the similarities between the products and the patent drawings:



Fig. 2



## THE PARTIES

7.      Conair LLC is a limited liability company under Delaware law with its principal place of business at 1 Cummings Point Road, Stamford, CT 06902.

8.      Conair is a leading international designer, manufacturer, and innovator of branded personal care and small kitchen appliances, cookware, hairbrushes and accessories, cosmetic bags, and travel accessories.

9.      Conair sells various hair curling appliances under the names Curl Secret®, BaByLissPRO® Miracurl®, and other names, covered at least by one or more of the claims of the Hair Curling Patents in the United States, including in this judicial district.

10.     Conair is the exclusive licensee of the Hair Curling Patents with the right to bring suit under the Hair Curling Patents, and therefore Conair has standing to sue an infringer in its own name.

11.     Defendant Farouk Systems, Inc. has a principal place of business located at 250 Pennbright Dr., Houston, TX 77090-5905. At all relevant times, FAROUK conducted business within the United States and engaged in activities related to the distribution, offer for sale, and/or sale of professional beauty products and equipment.

12.     FAROUK has a website in the United States that promotes and advertises the Spin N Curl products in this judicial district: https://chi.com.  The link directs users to the Spin N Curl products at issue in this Complaint offered for sale in the United States, including this judicial district.

### JURISDICTION AND VENUE

13.     Conair's claims for patent infringement against FAROUK arise under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

14.     This Court has personal jurisdiction over FAROUK because FAROUK is a Texas corporation and has a principal place of business in Houston, Texas.

15.     FAROUK imports, sells, and/or offers for sale a consumer series of automatic curling irons under the brand name CHI "Spin N Curl" in the United States.  FAROUK imports, sells, and/or offers for sale the Spin N Curl products in this judicial district.

16.     Additionally, this Court has personal jurisdiction over FAROUK since FAROUK has purposefully availed itself of the privilege of conducting activities within the State of Texas and has contacts with the State of Texas sufficient to give rise to, or relate to, the claim of infringement through the sale and advertisement of the Spin N Curl products in this judicial district.

17.     FAROUK imports, offers for sale, and/or sells the FAROUK Spin N Curl products in this judicial district.  FAROUK is subject to personal jurisdiction of this Court because, among other things, it has established sufficient contacts with Texas and within this judicial district.

18.     FAROUK has committed acts of patent infringement within Texas giving rise to this action.  FAROUK has sufficient contacts with this forum meeting or exceeding the minimum threshold such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

19.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and 1400(b) because FAROUK resides in this District and has committed acts of infringement here.

**THE CONAIR HAIR CURLING PATENTS**

20.     United States Patent No. 10,238,196 titled "Hair Styling Aid" issued on March 26, 2019 ("the '196 Patent") and United States Patent No. 11,350,719 titled "Hair Styling Aid" issued on June 7, 2022 ("the '719 Patent") (collectively the "Hair Curling Patents").

21.     The Hair Curling Patents describe a "hair styling aid which simplifies the styling process for the user, while also being less damaging to the hair being styled." ('719 Patent col. 1:57-59).

22.      The Hair Curling Patents provide that "[t]he static nature of the guide means relative to the rotatable element causes hair received by the device to be wrapped around the elongate member to create curls." (*Id.* col. 1:64-67).

23.     The curling of the hair starts at or near the root and moves toward the tip, in contrast to traditional methods. (*Id.* col. 2:1-2). The guide may comprise a slot or aperture in the wall:

> hair may, in use, enter the chamber through a simple slot or aperture, which may also form the static guide means. In this case it is preferable if guide means are provided, to help locate a length of hair in the slot.

('719 Patent col. 2:26-35).

24.     The Hair Curling Patents further provide a hair styling aid having a guide to receive a strand of hair, a rotatable element, and an elongate member. In use, the strand of hair is wound around the elongate member by the rotatable element: "The rotatable element may rotate in either direction and can take any suitable form, such as a simple radial protrusion extending out from the elongate member, or a helical member so as to assist in drawing hair into the device during use." ('719 Patent col. 2:37-40).

25.     The static nature of the guide relative to the rotatable element causes the strand of hair received by the device to be wrapped around the elongate member to create curls.

26.     Figure 1 of the Hair Curling Patents shows features of an embodiment of the disclosed invention:



Fig. 1

27.     As shown in Figure 1, one aspect of the disclosed embodiment includes a slot 16 through which hair is admitted into the chamber for curling. ('719 Patent col. 4:56-59). The guide means

18 provides a mechanism "for hair being placed into the housing 6 through slot 16." (*Id.* col. 4:59-62). Figures 5A through 5C of the disclosed embodiment (reproduced below) show slot 16 in which the length of hair is positioned and how the rotatable element 20 functions to wrap the hair around the elongate member 36. ('719 Patent col. 5:40-6:9).

28.    The internal working of this embodiment is shown in Figures 5A, 5B, and 5C, which demonstrates how the hair is placed in the housing through the guide and slot and the rotatable element rotates to wrap the hair around the elongate member:



29.     As depicted in Figures 5A, 5B, and 5C, the elongate member 36 is shown in chamber 8. The rotating element 20 operates to wrap the hair placed in guide 18 around the elongate member 36. The elongate member 36 may be heated to generate a curl in the length of hair that had been placed in the guide 18.  The hair curling process is described in the specification:

> The motor (not shown) causes the rotatable element **20** to rotate in the direction of arrow **46**. The part of the length of hair 42 which is passing through the cut-out section **21** of the disc **28** of the rotatable element **20** is pushed to one side by interaction with the walls of the cut-out section **21** of the disc **28** as it rotates, while a further part of the length of hair **42**, toward the root, is prevented from rotation by its location in one end of the groove **16**. This wraps the length of hair **42** around the elongate member **36** while simultaneously drawing the free end **44** of the hair into the housing 6 through the other end of the groove **16** as indicated by arrow **48**. Accordingly, curls are imparted at or near the root of a length of hair **42**, and subsequently to the remainder extending towards the free end **44**.

('719 Patent col. 5:56-6:4).

30.     Claim 1 of the '719 Patent is recited as follows:

> 1. A hair styling aid comprising:
>
> a housing;
>
> guide means comprising a slot in a wall of the housing for receiving a length of hair to be styled;
>
> a rotatable element, rotatable relative to the housing and to the slot, the rotatable element being selectively rotatable in either direction to allow clockwise or anticlockwise curls to be formed;
>
> an elongate member around which use, the length of hair is wound by the rotatable element, the elongate member being heated;
>
> the housing surrounding a part of the elongate member such that a chamber is formed between the housing wall(s) and the elongate member;
>
> the housing extending from a handle, the housing being integral with the handle;
>
> the rotatable element being rotatable relative to the elongate member;
>
> wherein the rotatable element has a predefined rotational starting position and is rotated automatically to return to the predefined rotational starting position after use;

the housing having a longitudinal axis and the slot being parallel with the longitudinal axis of the housing.

31. Claim 1 of the '196 Patent is recited as follows:

1. A hair styling aid comprising:

a handle and a housing connected to the handle, the housing having:

a chamber in which a length of hair is received and retained for styling;

a guide for receiving the length of hair to be styled, the guide being provided by a slot in a wall of the housing through which the length of hair is admitted into the housing in use, the slot extending the full length of the chamber;

an elongate member, at least part of which is in the housing;

a rotatable element in the housing and adjacent to the elongate member, the rotatable element being rotatable in a clockwise direction and in an anticlockwise direction relative to the guide and, in use, winding the length of hair around the elongate member in the direction of rotation;

a motor for rotating the rotatable element in a clockwise direction and in an anticlockwise direction;

at least one heating element for heating the chamber;

wherein the rotatable element has:

two hair-pushing surfaces, one of the hair-pushing surfaces being oriented for pushing hair around the elongate member when the rotatable element is rotated clockwise and the other of the hair-pushing surfaces being oriented for pushing hair around the elongate member when the rotatable element is rotated anticlockwise in use.

32. The Spin N Curl products include the features of the claimed inventions.

## COUNT I
## (Infringement of U.S. Patent No. 11,350,719)

### Infringement

33. The FAROUK Spin N Curl products literally and directly infringe at least claims 1-3 and 7-10 of the '719 Patent in violation of 35 U.S.C. § 271(a).

34. The FAROUK Spin N Curl products include "a housing" as recited in claim 1 of the '719 Patent:

9



35.　　The FAROUK Spin N Curl products include a "guide means comprising a slot in a wall of the housing for receiving a length of hair to be styled" as recited in claim 1 of the '719 Patent:



36.　　The FAROUK Spin N Curl products include a "rotatable element, rotatable relative to the housing and to the slot, the rotatable element being selectively rotatable in either direction to allow clockwise or anticlockwise curls to be formed" as recited in claim 1 of the '719 Patent:

10



As shown, the FAROUK Spin N Curl products include a rotatable element that rotates around the elongate member (appearing in gold above and below) and relative to the housing and slot. As also shown, the FAROUK Spin N Curl products include two independently selectable directional buttons, one of which (when selected) causes the rotatable element to rotate in a clockwise direction relative to the housing and the slot, and the other of which (when selected) causes the rotatable element to rotate in an anticlockwise direction relative to the housing and the slot.

37.    The FAROUK Spin N Curl products include an "elongate member around which use, the length of hair is wound by the rotatable element, the elongate member being heated" as recited in claim 1 of the '719 Patent:





The elongate member being heated

38.    The FAROUK Spin N Curl products include a "housing surrounding a part of the elongate member such that a chamber is formed between the housing wall(s) and the elongate member" as recited in claim 1 of the '719 Patent:

A chamber is formed between the housing walls and the elongate member



housing

a chamber

39.    The FAROUK Spin N Curl products include a "housing extending from a handle, the housing being integral with the handle" as recited in claim 1 of the '719 Patent:



40.    The FAROUK Spin N Curl products include a "rotatable element being rotatable relative to the elongate member" as recited in claim 1 of the '719 Patent:



As shown, the FAROUK Spin N Curl products include a rotatable element being rotatable relative to the elongate member, whereby the rotatable element rotates within the chamber and around the elongate member to wrap a length of hair around the elongate member.

13

41.     The FAROUK Spin N Curl products include a "rotatable element [that] has a predefined rotational starting position and is rotated automatically to return to the predefined rotational starting position after use" as recited in claim 1 of the '719 Patent:



The predefined starting position for the rotatable element is a position in which the rotatable element is able to cause a length of hair to be wrapped around the elongate member. As shown, when a length of hair is inserted into the slot in the housing and one of the directional buttons is selected, the rotatable element will always be positioned such that it will wrap the length of hair around the elongate member.

42.     The FAROUK Spin N Curl products include a "housing having a longitudinal axis and the slot being parallel with the longitudinal axis of the housing" as recited in claim 1 of the '719 Patent:



43.     The Spin N Curl products satisfy each and every element of claim 1 of the '719 Patent and therefore directly and literally infringe claim 1 of the '719 Patent.

44.     The Spin N Curl products further literally and directly infringe at least claims 2, 3, and 7-10 of the '719 Patent in violation of 35 U.S.C. § 271(a).

45.     The Spin N Curl products satisfy each and every element of claims 1-3 and 7-10 of the '719 Patent and therefore directly and literally infringe claims 1-3 and 7-10 of the '719 Patent.

46.     If any of the claim elements of the asserted claims of the '719 Patent are not found in the Spin N Curl products, there is infringement under the doctrine of equivalents.

## DAMAGES

47.     The actions of infringement of the '719 Patent by FAROUK have injured Conair and Conair is entitled to recover damages to compensate it for such infringement, but in no event less than a reasonable royalty as established under 35 U.S.C. § 284.

48.     The deliberate, intentional, and willful infringement by FAROUK of one or more claims of the '719 Patent after having knowledge of the '719 Patent entitles Conair to enhanced damages under 35 U.S.C. § 284.

49. Plaintiff's injury will continue unless or until this Court enters an injunction against further infringement by FAROUK.

50. Plaintiff has complied with any applicable provisions of 35 U.S.C. § 287 by marking its products with the patent number and/or placing FAROUK on actual notice of infringement of the '719 Patent.

## COUNT II
### (Infringement of U.S. Patent No. 10,238,196)

**Infringement**

51. The FAROUK Spin N Curl products literally and directly infringe at least claims 1, 2, 6, 7, 9-12, and 15 of U.S. Patent No. 10,238,196 in violation of 35 U.S.C. § 271(a).

52. The FAROUK Spin N Curl products include a handle and a "housing connected to the handle" as recited in claim 1 of the '196 Patent:



53. The FAROUK Spin N Curl products include a "chamber in which a length of hair is received and retained for styling" as recited in claim 1 of the '196 Patent:

16



54.    The FAROUK Spin N Curl products include a "guide for receiving the length of hair to be styled, the guide being provided by a slot in a wall of the housing through which the length of hair is admitted into the housing in use, the slot extending the full length of the chamber" as recited in claim 1 of the '196 Patent:



55.    The FAROUK Spin N Curl products include an "elongate member, at least part of which is in the housing" as recited in claim 1 of the '196 Patent:



56.     The FAROUK Spin N Curl products include a "rotatable element in the housing and adjacent to the elongate member, the rotatable element being rotatable in a clockwise direction and in an anticlockwise direction relative to the guide and, in use, winding the length of hair around the elongate member in the direction of rotation" as recited in claim 1 of the '196 Patent:



As shown, the FAROUK Spin N Curl products include a rotatable element in the housing and adjacent to the elongate member (appearing in gold above and below). As also shown, the FAROUK Spin N Curl products include two independently selectable directional buttons, one of which (when selected) causes the rotatable element to rotate in a clockwise direction relative to

the guide, and the other of which (when selected) causes the rotatable element to rotate in an anticlockwise direction relative to the guide, such that a length of hair is wound around the elongate member in the direction of rotation.

57.    The FAROUK Spin N Curl products include a "motor for rotating the rotatable element in a clockwise direction and in an anticlockwise direction" as recited in claim 1 of the '196 Patent:



a motor for rotating the rotatable element in a clockwise direction and in an anticlockwise direction

The rotatable element rotatable in a clockwise and anticlockwise direction

As shown and as will be understood, the FAROUK Spin N Curl products include an electric motor powered via the attached electric cable at the bottom end of the products, where the electric motor causes the rotatable element to spin in a clockwise direction or in an anticlockwise direction depending on which directional button the user employs.

58.    The FAROUK Spin N Curl products include "at least one heating element for heating the chamber" as recited in claim 1 of the '196 Patent:

19



59.     The FAROUK Spin N Curl products include a "rotatable element that has two hair-pushing surfaces, one of the hair-pushing surfaces being oriented for pushing hair around the elongate member when the rotatable element is rotated clockwise and the other of the hair-pushing surfaces being oriented for pushing hair around the elongate member when the rotatable element is rotated anticlockwise in use" as recited in claim 1 of the '196 Patent:



60.     The Spin N Curl products satisfy each and every element of claim 1 of the '196 Patent and therefore directly and literally infringe claim 1 of the '196 Patent.

61.     The Spin N Curl products further literally and directly infringe at least claims 2, 6, 7, 9-12, and 15 of the '196 Patent in violation of 35 U.S.C. § 271(a).

62.     The Spin N Curl products satisfy each and every element of claims 1, 2, 6, 7, 9-12, and 15 of the '196 Patent and therefore directly and literally infringe claims 1, 2, 6, 7, 9-12, and 15 of the '196 Patent.

63.     If any of the claim elements of the asserted claims of the '196 Patent are not found in the Spin N Curl products, there is infringement under the doctrine of equivalents.

## DAMAGES

64.     The actions of infringement of the '196 Patent by FAROUK have injured Conair and Conair is entitled to recover damages to compensate it for such infringement, but in no event less than a reasonable royalty as established under 35 U.S.C. § 284.

65.     The deliberate, intentional, and willful infringement by FAROUK of one or more claims of the '196 Patent after having knowledge of the '196 Patent entitles Conair to enhanced damages under 35 U.S.C. § 284.

66.     Plaintiff's injury will continue unless or until this Court enters an injunction against further infringement by FAROUK.

67.     Plaintiff has complied with any applicable provisions of 35 U.S.C. § 287 by marking its products with the patent number and/or placing FAROUK on actual notice of infringement of the '196 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Conair, prays for the following relief:

a.     A judgment finding that FAROUK has infringed the '719 Patent and/or the '196 Patent under 35 U.S.C. § 271(a);

21

b.      A judgment that the '719 Patent and/or the '196 Patent is valid and enforceable;

c.      A permanent injunction enjoining FAROUK, its agents, officers, assigns, and others acting in concert with it, from infringing the '719 Patent and/or the '196 Patent;

d.      An award of damages adequate to compensate Conair for the infringement of the '719 Patent and/or the '196 Patent that has occurred;

e.      An award of pre-judgment interest and post-judgment interest on the damages awarded;

f.      A judgment that Conair is entitled to an award of enhanced damages under 35 U.S.C. § 284 to be increased at the discretion of the Court up to three times the damages found;

g.      A determination that this is an exceptional case and an award of Plaintiff's attorneys' fees  pursuant to 35 U.S.C. § 285 and any other applicable statute or law, and an award to Conair of its fees and costs; and

h.      Such other further relief as the Court deems reasonable.


## JURY DEMAND

Conair demands a trial by jury on all issues so triable to a jury.



Dated: June 8, 2026                                    Respectfully submitted,


                                                       /s/  Dean D. Niro
                                                       Attorney in Charge
                                                       Dean D. Niro (pro hac forthcoming)
                                                       dniro@vvnlaw.com
                                                       Nicholas D. Niro (pro hac forthcoming)
                                                       nniro@vvnlaw.com
                                                       Vitale, Vickrey, Niro, Solon & Gasey LLP
                                                       311 S. Wacker Drive, Suite 2200
                                                       Chicago, IL 60606
                                                       (312) 236-0733

/s/ *Michael S. Dowler*
Michael S. Dowler
Park, Vaughan, Fleming & Dowler LLP
Texas State Bar No. 783979
Southern District of Texas Bar No. 15607
5850 San Felipe Street, Suite 500
Houston, Texas 77057
mike@parklegal.com
713-443-6866

***Attorneys for Plaintiff Conair LLC***